Joseph F. CLARK, Plaintiff,

v.

EMPLOYERS MUTUALS OF WAUSAU, Defendant.

Civ. A. No. 38954.

United States District Court
E. D. Pennsylvania.
March 17, 1969.

R. David Bradley, Philadelphia, Pa., for plaintiff.

Swartz, Campbell & Detweiler, Lynn L. Detweiler, Philadephia, Pa., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

This is an action for damages resulting from injuries sustained by plaintiff while he was engaged in the course of his employment by ITT Nesbitt Company. On May 10, 1965, plaintiff was operating a punch press at the employer's plant, feeding sheet steel into a press, activating the machine by depressing a foot pedal, and removing the finished product by hand. In the course of doing this, a stand over which the sheet metal passed, which was intended to steady and guide the sheet metal as it was fed into the machine for successive punches, tipped over while the plaintiff had his left hand under the ram of the press. The stand landed on the foot pedal of the press causing the ram to descend and amputating several of the fingers of plaintiff's left hand. His employer, ITT Nesbitt Company, was insured under a policy of workmen's compensation and employer's liability issued by the defendant, Employers Mutuals of Wausau, which paid necessary medical and surgical expenses and workmen's compensation benefits in accordance with the provisions of the Pennsylvania Workmen's Compensation Act.

Plaintiff's complaint alleges that the insurer is liable for his injury by reason of the fact that it "undertook to reduce the risk of accidents in the premises of and equipment of ITT Nesbitt Company and had made inspections and recommendations pursuant to its program;" and that it was negligent in that it failed adequately and carefully to inspect the premises and machinery, failed to detect the hazardous conditions of Nesbitt's machinery, and permitted Nesbitt to use hazardous machinery which was inadequate and improper for the purposes intended. The same basis for liability is set forth in the plaintiff's Pre-Trial Memorandum, but with the additional allegation that the defendant failed "to make certain that its suggestions and recommendations were acted upon when the defendant knew that the machine on which plaintiff was working was extremely hazardous."

Defendant has moved to dismiss on the grounds that plaintiff's Complaint, Pre-Trial Memorandum, and the written stipulation of uncontested facts agreed upon by the parties fail to set forth a cause of action against it and that there is no material issue of fact requiring the submission of the action to a jury. Since matter outside the pleadings has been presented in conjunction with this motion, it will be treated

as one for summary judgment and disposed of as provided in Rule 56 of the Federal Rules of Civil Procedure. Fed. R.Civ.P. 12(c). *See, generally,* 2A Moore, Federal Practice ¶ 12.15 (1968).

Specifically, plaintiff asserts that the defendant is responsible for the absence of a guard over the foot pedal that activated the punch press which plaintiff was operating at the time of the accident. Such a guard would have prevented the falling stand from depressing the foot pedal and activating the press. In addition, plaintiff maintains that the defendant was derelict in its duty in failing to procure the installation of a protecting cage around the bed of the press to prevent the operator from putting his hand under the ram.

The stipulation of facts agreed upon by the parties discloses that commencing with his inspection on January 28, 1964, the defendant's engineer reported to the employer both the absence of guards over the foot pedals of the employer's punch presses and of cage guards which would prevent the operators from placing their hands in the presss between the beds and the ram punches, and that defendant's engineer left cage guard illustrations with the employer. These warnings and recommendations for corrections were communicated on subsequent inspections seven different times prior to the accident, the last being on February 8, 1965, the last quarterly inspection made prior to the accident of May 10, 1965. Although the employer ordered and received foot guards prior to the accident, it failed to install such guards or to erect protective cages until after the accident had occurred.

■ ■ It is agreed by the parties that the policy contract between the defendant and plaintiff's employer placed no obligation on the defendant to inspect or warn of negligent conditions existing at the work places of plaintiff's employer, but conferred on the insurance company only permission to inspect the work places, machinery, and equipment covered by the policy. Of course, where an insurance company is under no obligation to inspect or warn of negligent conditions in the work places of its policyholder, it is not liable for its mere failure to take advantage of a clause in the insurance contract affording it permission to inspect. Cf. DeJesus v. Liberty Mutual Ins. Co., 423 Pa. 198, 201, 223 A.2d 849, 850 (1966). However, even though it may have no contractual obligation to inspect, an insurer which actually undertakes a safety inspection of a policyholder's machinery and plant may be found liable for injuries caused by dangerous conditions or defects in two situations. Liability will be imposed on the insurer if the inspection is negligent; where the insurer fails to exercise reasonable diligence to discover the existence of defects or dangerous conditions. Similarly, where defects in the policyholder's machinery and working places are discovered by the insurer during a safety inspection, the insurer is liable if it fails to properly inform the policyholder of the defects. As prerequisites to recovery in these situations, it must be shown either that harm is suffered because the policyholder relied on the undertaking, the inspection, or that the insurer's failure to exercise reasonable care increased the risk of harm. *See* Evans v. Liberty Mutual Ins Co., 398 F.2d 665 (3d Cir. 1968); Mays v. Liberty Mutual Ins. Co., 323 F.2d 174 (3d Cir. 1963); Restatement, Torts 2d, § 323 (1966).

■ Neither of these situations exists in the instant case. Even assuming that the requisite reliance upon the inspection is present, it is clear that there has been no breach of the defendant's duties of discovery and disclosure of the defects in question. The uncontested facts reveal that during its inspections of the employer's plant and machinery, defendant discovered and noted the dangerous condition of the punch presses. Prior to the accident in question, defendant repeatedly warned plaintiff's employer of these defects and made successive recommendations to it concerning their correction. Under these facts, it is ob-

vious that the defendant exercised all reasonable care in making its inspections, noting the defects or deficiencies and warning the employer to correct them.

In its brief in opposition to defendant's motion, plaintiff does not dispute the adequacy of the defendant's inspection or the warning given to plaintiff's employer. Nevertheless, plaintiff maintains that it was not sufficient for the defendant merely to alert the employer of defective conditions and to recommend their correction, but that, in light of its continuing knowledge, the defendant had a duty to remedy the condition. This duty, plaintiff acknowledges, does not arise from any provision of the insurance contract between the defendant and plaintiff's employer. Rather, plaintiff asserts that by its course of conduct with reference to the plaintiff, defendant assumed the obligations owed by plaintiff's employer to plaintiff. In support of this contention, plaintiff relies on Section 324A (b) of the Restatement of Torts, Second, which provides as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if * * *.
>
> (b) he has undertaken to perform a duty owed by the other to the third person. * * *

An employer, of course, has a duty to provide its employees with a safe place to work. Commensurate with this duty, the employer is obligated not only to inspect its machinery as frequently as may reasonably be necessary, but also to repair or alter it if it is found to be dangerously defective. However, there is no evidence in the instant case which indicates that the defendant agreed to correct the defects which it discovered upon the inspection of the machinery of plaintiff's employer. Nor is there any evidence that at any time defendant actually repaired or altered the employer's machinery or that it had any right to do so. The only duty voluntarily assumed by the insurer was the duty to inspect and the uncontested facts establish that the inspection was carefully made and adequate and repeated warnings given.

Section 324A of the Restatement is not directly applicable in these circumstances. The comments and illustrations under this provision of the Restatement all deal with situations in which the alleged tortfeasor expressly agreed to assume the duty to repair or inspect and negligently performed these duties and situations where the tortfeasor actually undertook the performance of a duty owed by another to a third person. The cases under this provision, likewise, have been limited to such situations. See Bollin v. Elevator Construction & Repair Co., 361 Pa. 7, 63 A.2d 19, 6 A.L.R.2d 277 (1949). *See, generally,* authorities cited in Restatement, Torts 2d, Appendix, § 324A (1966). In the instant case, the defendant neither expressly agreed to correct the defective conditions in the employer's machines, nor did it actually undertake the performance of this duty.

Further, there is no reasonable basis for implying the assumption of this duty by the defendant. Plaintiff has presented nothing which indicates that his employer relied on the defendant to install the protective pedal guards and cage guards. Indeed, the uncontested facts indicate that the employer itself had ordered and received the foot pedal guards, but had failed to install them prior to the accident.

In addition, plaintiff has not specified any provision of the insurance contract between defendant and his employer which granted the insurer the power to compel compliance with its recommendations or to correct the deficiencies which it had noted. In the absence of such a provision, it had no right under the law to interfere with the control

of the insured employer over its operations, its machinery or the maintenance of its plant. In its opinion in Evans v. Liberty Mutual Ins. Co., 398 F.2d 665 (3d Cir. 1968), the Court of Appeals for the Third Circuit recently noted the power of an insurer, Liberty, in such circumstances, stating,

> Liberty had neither power nor authority to compel an insured to act upon any of its safety recommendations and performed only an advisory function in making them. In the event an insured failed to comply with a recommendation which it deemed critical, then Liberty only could pursue the alternative of discontinuing its coverage. Id. at 666.

■ ■ While the Court is normally reluctant to grant motions for summary judgment, in the instant case plaintiff has produced no evidence beyond the stipulation of uncontested facts. Under Rule 56(e) of the Federal Rules of Civil Procedure, an adverse party may not stand on the mere allegations of his pleadings in the face of a motion for summary judgment made and supported as provided in the Rule, but his response, by affidavits or as otherwise provided in the Rule, must set forth specific facts showing that there is a genuine issue for trial. Summary judgment, if appropriate, may be entered against him, where there has been a failure to so respond. *See,* e.g., Gostin v. Nelson, 363 F.2d 371 (3d Cir. 1966); Robin Construction Co. v. United States, 345 F.2d 610, 613–614 (3d Cir. 1965); Villarosa v. Massachusetts Trustees of Eastern Gas & Fuel Associates, 39 F.R.D. 337 (E.D.Pa. 1966); Mahoney v. McDonald, 38 F.R.D. 161 (E.D.Pa. 1965).

The uncontested facts in the instant case establish that the duties undertaken by the defendant were performed with reasonable care and that defendant is entitled to a judgment as a matter of law. Accordingly, summary judgment is granted to defendant. An appropriate order will enter.