**Patricia Ann JOHNSON, Plaintiff,**

v.

**The AETNA CASUALTY AND SURETY COMPANY, a corporation, Defendant.**

**No. 71-919-Civ-J.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Oct. 7, 1972.

See also D.C., 339 F.Supp. 1178.

Steven A. Werber, Jacksonville, Fla., for plaintiff.

Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, Jacksonville, Fla., for defendant.

## ORDER

WILLIAM A. McRAE, Jr., Chief Judge.

Plaintiff, wife of a deceased fireman who died attempting to extinguish a fire raging at an A & P store located in Jacksonville, Florida, brings this wrongful death action pursuant to Fla.Stat. § 768.-01 (1971), against Aetna Casualty and Surety Co., liability insurer of A & P.

Plaintiff alleges that defendant Aetna contracted with A & P to provide safety engineering services by making periodic inspections of its premises in order to detect any conditions which might prove to be hazardous to persons lawfully occupying the premises. Plaintiff further alleges that defendant negligently conducted such inspections and failed to detect or advise A & P of the hazardous conditions which led to the decedent's death.

The defendant moves to dismiss the complaint for failure to state a claim for which relief can be granted. Defendant submits that it did not breach any duty owed to decedent. Defendant bases its argument on the contention that a fireman who enters upon the premises of another in the discharge of his duty occupies the status of a licensee, and therefore, defendant's only duty to decedent was to refrain from wanton and willful misconduct.

This wrongful death action is brought against a liability insurer, and therefore, the court does not find useful the classifications of invitee and licensee in determining the duty owed by defendant to decedent. However, this Court does find persuasive the Restatement

(Second) of Torts § 324A (1965), wherein it is stated:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, . . . (footnote omitted).

*See* Hill v. United States Fidelity & Guaranty Co., 428 F.2d 112 (5th Cir. 1970).

■ In addition, this Court believes that decedent's presence at A & P for the purpose of fighting a fire was reasonably foreseeable, and defendant's duty to exercise reasonable care in inspecting the premises extended to him. Geer v. Bennett, 237 So.2d 311 (4th D.C.A. 1970).

It is, accordingly,

Ordered:

The motion to dismiss is hereby denied.