Mahmoud HASSAN, Administrator of the Estate of Yameen Hassan, Deceased, Plaintiff,

v.

HARTFORD INSURANCE GROUP et al., Defendants.

Civ. A. No. 4215.

United States District Court, D. Delaware.

April 9, 1974.

---

C. Waggaman Berl, Jr., Wilmington, Del., for plaintiff.

Mason E. Turner, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendants.

## OPINION AND JUDGMENT

LATCHUM, Chief Judge.

The defendants have moved for summary judgment against the plaintiff pursuant to Rule 56, F.R.Civ.P., on the ground that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law.[1]

Plaintiff, a citizen of Michigan suing in his capacity as administrator of the Estate of Yameen Hassan (the "decedent"), seeks to recover $200,000 from the defendant insurance companies, all of which are incorporated and have their principal offices in Connecticut, for the decedent's pain and suffering and for the monetary loss to the decedent's estate due to his injury and death resulting from a fire allegedly caused by the negligence of the defendants. Jurisdiction is based upon diversity of citizenship as provided by 28 U.S.C. § 1332.

The pertinent facts viewed most favorable to the plaintiff, Brough v. Strathmann Supply Co., Inc., 358 F.2d 374, 377 (C.A.3, 1966), are as follows: On April 22, 1970, the decedent was a paying guest of Clayton A. Stafford and Blanche Stafford (the "Staffords"), the owners and operators of the Delmar Motor Court Motel ("Delmar Motel"), which is located on U.S. Route 13 near New Castle, Delaware. On or about that date, a fire occurred in a room at the Delmar Motel which was rented to a person other than the decedent. The fire partially destroyed the Delmar Motel and severely burned the decedent, proximately causing his death seven days later on April 29, 1970.

Plaintiff first brought an action in this Court on October 12, 1970 ("the 1970 suit")[2] against the Staffords based on their allegedly negligent operation of the Delmar Motel. Plaintiff attempted to secure a judgment in the 1970 suit against the Staffords, first, to compensate for decedent's injuries and his pain and suffering from the time of his injuries until his death, as authorized by 10 Del.C. § 3704(a), and second, to compensate for the decedent's wrongful death, as provided by 10 Del.C. § 3704(b).

In the 1970 suit the plaintiff expected to prove that the Staffords "were negligent in maintaining a motel which was in violation of Delaware law and fire regulations in that there were no fire doors, no fire extinguishers, and no internal warning system." Plaintiff further expected to prove that the Staffords "were negligent in failing to notify the decedent when the fire was discovered, in time to permit him to vacate the premises."[3]

At trial, the jury was charged to

". . . limit your consideration of negligence to the claim that there were no fire doors, no internal warning system, and no warnings given adequately in time to Mr. Hassan . . . [The Staffords] as the owners and operators of the Delmar Motel, are not the insurers of the safety, quiet and repose of their guests. Their obligation was to exercise reasonable care for guest's safety

. . .

If you find from the evidence that the defendants [the Staffords] did exercise reasonable care for the safety of their guests, consistent with the grade and quality of the accommodations offered, then the plaintiff cannot recover and your verdict must be for the defendants [the Staffords]." Trial transcript pp. 175–76, Hassan v. Stafford, Civil Action No. 3994 (D. Del.1971). [Brackets added].

The jury returned a verdict for the Staffords. The verdict was affirmed by

1. Docket Item 9.

2. Hassan v. Stafford, Civil Action No. 3994 (D.Del.1971).

3. Docket Item 10, Exhibit "B", p. 5.

the Third Circuit Court of Appeals[4] and time for further appeal has expired.

In the present complaint, the plaintiff alleges:[5] (1) that at the time of the fire, one or more of the defendants had written a policy of fire insurance on the Delmar Motel, (2) that at the time of the fire the Delmar Motel was being operated by the Staffords "in violation of safety regulations in general and in violation of regulations promulgated by the Fire Prevention Commission of the State of Delaware," (3) that before the policy was issued, the defendants failed to make an adequate inspection of the Delmar Motel, or having made an inspection, failed to make an adequate inspection and/or failed to require the Staffords to bring their premises into compliance with the general safety regulations in general and specifically the regulations promulgated by the Fire Prevention Commission of the State of Delaware, and (4) that as a result of the negligence of defendants the fire occurred in the Delmar Motel resulting in the injury and later the death of the decedent.

The defendants contend in their motion for summary judgment that the plaintiff has clearly failed to state any cause of action against those defendants which had no part whatsoever in writing any insurance policy on the Delmar Motel. In this respect, the facts are undisputed that none of the named defendants, other than Hartford Accident and Indemnity Company ("Hartford") has issued any insurance policy to the Staffords on the Delmar Motel.[6] Indeed, plaintiff in these proceedings has recognized this fact, and therefore, no longer asserts any claim against those defendants that had no part whatsoever in

writing insurance coverage on the motel.[7] As a consequence, summary judgment will be entered in favor of the defendants, other than Hartford.

However, Hartford did issue a multiperil insurance policy, which included fire and liability coverage, to the Staffords on the Delmar Motel.[8] Hartford contends that the 1970 suit bars the plaintiff from continuing the present suit on the basis of collateral estoppel since Hartford was in privity with the Staffords in the 1970 suit, the 1970 suit has reached a point of final judgment on the merits, and the issues in the 1970 suit are identical to the issues in the present suit. Bernhard v. Bank of America Nat'l. Trust and Savings Ass'n, 19 Cal.2d 807, 122 P.2d 892 (1942) *as approved in* Blonder-Tongue Lab., Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). Hartford further contends that even if this Court were to conclude that the issues in the 1970 suit were not identical to those asserted by plaintiff in this suit, plaintiff has still failed to state a valid cause of action against Hartford since Hartford neither had a duty nor assumed a duty to make sure that the Delmar Motel met any particular safety specifications.

Rule 56(b) of the F.R.Civ.P. provides that:

"A party against whom a claim, counter-claim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

And Rule 56(c) goes on to require that:

". . . The judgment sought shall be rendered forthwith if the plead-

---

4. Hassan v. Stafford, 472 F.2d 88 (C.A. 3, 1973).

5. Docket Item 1.

6. Docket Item 8, pars. 9 & 10 and exhibit attached thereto; Docket Item 11, par. 2.

7. Docket Item 16, p. 1 in which plaintiff's attorney, in managing this litigation now admits: "It is correct that plaintiff sued all of the members of the Hartford Insurance Group because of the lack of knowledge as to which of the companies actually issued the policy in question. In view of the fact that the policy was issued by Hartford Accident & Indemnity Company, we only state a cause of action against that organization and do not assert any claim against the other defendants."

8. See footnote 6, supra.

ings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In the present case, defendants have moved with supporting affidavits [9] and interrogatories [10] and, therefore, the following portion of Rule 56(e) is applicable:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

To determine whether there is a genuine issue for trial the Court must first look to the substantive law of the case. Since jurisdiction is based solely upon diversity of citizenship, the conflict of laws rule to be applied by this Court must conform to that which prevails in the Delaware state courts. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In Delaware, substantive rights of the parties in a tort action are governed by the law of the place where the tort arose, Friday v. Smoot, 211 A. 2d 594, 595 (Del.Sup.Ct.1965); in the present case the injury and resulting death occurred in Delaware and therefore Delaware substantive law applies.

In general, to constitute "actionable negligence" under Delaware law, there must be a duty owed to the plaintiff and a violation thereof by the defendant resulting in damages. Robinson v. Meding, 2 Storey 578, 163 A.2d 272, 275 (Del.Sup.Ct.1960); Thompson v. Cooles, 7 W.W.Harr. 83, 180 A. 522, 527 (Del.Super.1935); Edmanson v.

Wilmington & Philadelphia Traction Co., 2 W.W.Harr. 177, 120 A. 923 (Del. Super.1923).[11] However, the plaintiff has failed to articulate any direct duty owed to the decedent by Hartford and instead has merely alleged that Hartford was negligent in that,

1) it failed to make an adequate inspection of the Delmar Motel, *or*

2) having made an inspection, failed to make an adequate inspection, *and/or*

3) failed to require the Staffords to bring the Delmar Motel into compliance with general safety regulations in general and specifically the regulations promulgated by the Fire Prevention Commission of the State of Delaware.

Presumably, these three allegations of negligence must have been meant by the plaintiff to set out three duties owed or assumed by Hartford, the violation of any one or more of which created Hartford's liability. In short, the plaintiff alleges that Hartford is liable (1) for the failure to inspect Stafford's motel, *or* (2) for negligent performance of an alleged undertaking to inspect, *or* (3) for the failure to require the Staffords to maintain their motel consistent with particular safety standards.

Each of these allegations of negligence must be treated separately. The first allegation requires this Court to assume no inspection was ever made of the Delmar Motel by Hartford, and then to determine whether there was a duty to inspect the motel which was violated by a failure to inspect and which could possibly result in liability to plaintiff. Any duty to inspect must necessarily arise either from some relationship between Hartford and the Staffords or from some obligation imposed by law on Hartford. The only relationship alleged to exist between Hartford and the Staffords was the insurance policy which the latter issued. However, the only way a duty to inspect could

9. Docket Items 10 and 11.

10. Docket Item 8.

11. As pointed out in Quinones v. United States, 492 F.2d 1269 (C.A. 3, filed March 6, 1974):

"Plaintiff must bring himself within the scope of a definite legal obligation so that it might be regarded as personal to him. 'Negligence in the air, so to speak, will not do.'" (footnote omitted) p. 1276.

arise under the policy is by its terms.[12] The policy is explicit; it provides:

"The Company shall be permitted *but not obligated* to inspect the named insured's property and operations at any time. Neither the Company's right to make inspections nor the making thereof nor any report there-on shall constitute an undertaking, on behalf of or for the benefit of the named insured or others, to determine or warrant that such property or operations are safe." [Emphasis added].[13]

■■ This Court finds as a matter of law that the terms of the fire insurance policy did not create any duty on the part of Hartford to inspect the Delmar Motel. In addition, no factual basis is alleged in the complaint to suggest an alternative ground on which any duty to inspect on the part of Hartford may be inferred. Without a duty to inspect, Hartford could not be found negligent for failure to inspect. Hence, this Court finds that plaintiff's first allegation of negligence fails to state a valid cause of action.

■■ Plaintiff's second allegation of negligence depends on the assumption that Hartford made an inspection of the Delmar Motel but failed to make an adequate inspection. No rule of Delaware tort law is articulated to suggest how such an inadequate inspection of the Stafford's motel, if it did occur, would subject Hartford to liability for the de-cedent's injuries and death. No Delaware law has been found by this Court's independent investigation directed to such a theory of tort liability. However, the Court is aware that in § 324A, Restatement of Torts, Second, a theory of liability to third persons is developed for the negligent performance of services undertaken for another. This theory provides that:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking." [14]

Although this section of the Restatement has been applied in other states to situations in which a defendant has undertaken to perform an inspection of property or machinery of another,[15] this particular section has apparently never been adopted by Delaware Courts as Delaware law. Nevertheless, even if this Court were to find that Delaware

---

12. In Delaware, liability for negligent nonfeasance may be found to exist where there is some already existing and definite relationship between the parties "of such a character that social policy justifies the imposition of a duty to act." Murphy v. Godwin, 303 A.2d 668, 674 (Del.Super.1973). In *Murphy* the existing relationship which created a duty to act was that of Doctor and Patient. No case has been brought to this Court's attention in which an insurer-insured relationship by itself created a corresponding duty in the insurer to inspect the property of the insured.

13. Docket Item 8, Exhibit thereto attached.

14. Section 324A, Restatement of Torts, 2d (1965).

15. For example see:
Stacy v. Aetna Casualty & Surety Co., 484 F.2d 289, 292 (C.A. 5, 1973); Hill v. United States Fidelity and Guaranty Co., 428 F.2d 112, 115 (C.A. 5, 1970); Evans v. Liberty Mutual Ins. Co., 398 F.2d 665, 667 (C.A. 3, 1968); Johnson v. Aetna Casualty and Surety Co., 348 F.Supp. 627, 628 (M.D.Fla. 1972); Johnson v. Aetna Casualty and Surety Co., 339 F.Supp. 1178, 1180 (M.D.Fla. 1972); Clark v. Employers Mutuals of Wausau, 297 F.Supp. 286, 290 (E.D.Pa.1969); Hempstead v. General Fire Extinguisher Corp., 269 F.Supp. 109, 118 (D.Del.1967).

Courts would adopt this principle of tort law, it would not be determinative in this case. Assuming for the moment that Hartford did perform an inadequate inspection of the Stafford's Delmar Motel, Section 324A does not subject Hartford to liability to the decedent.

First, there is no allegation in the complaint or in any other portion of the record in this case that such an inspection increased the risk of harm to the decedent. The risk to decedent is alleged to have originated from the operation of the motel by the Staffords in violation of certain safety standards. There is no fact alleged or even a remote suggestion that Hartford directed or altered the operation of the motel in any manner so as to make the motel more hazardous to the decedent. If any risk existed, it existed independently of any undertaking by Hartford.

Second, there is no factual allegation that Hartford undertook to perform a duty owed by the Staffords to the decedent. Such an allegation would be ineffective even if it were present since the 1970 suit has already established that the Staffords did not breach any duty to the decedent and that particular issue is clearly barred by the principles of res judicata or collateral estoppel from relitigation in this suit.[16]

Third, there is no allegation in the complaint, or any indication elsewhere in the record that the harm to the decedent was caused as a result of reliance by the Staffords upon an inspection of the motel by Hartford. To the contrary, an affidavit[17] has been filed in support of the motion for summary judgment by Clayton A. Stafford stating that he was the owner of the Delmar Motel at the time of the fire, that Hart-ford had written the insurance policy on the motel and that he did not rely upon Hartford to advise or direct him in connection with fire or other safety matters. This uncontradicted affidavit is support for the motion for summary judgment and, even if reliance had been alleged in the complaint, Rule 56(e) required plaintiff to come forward with some response which sets forth specific facts showing there is a genuine issue for trial on this point.[18] Instead, plaintiff has in no way gone beyond his conclusory pleading which itself was devoid of any allegation of reliance. The only paper submitted by plaintiff was his sworn answers to defendants' interrogatories[19] in which there was no reference to the issue of reliance. Hence, the plaintiff, having failed to respond to defendants' affidavit as required by Rule 56(e), has failed to sustain the burden set upon him by that rule to show there is a genuine issue of fact.

Furthermore, this entire discussion of § 324A tort liability is predicated upon the assumption that there was an inspection of the Delmar Motel by Hartford. Again, the defendants have come forward with an uncontradicted factual showing that there was no such inspection.[20] In the plaintiff's sworn answers to the defendants' interrogatories, he states he has no knowledge of whether Hartford made any inspections.[21]

Consequently, even as to the threshold question of whether or not any inspection was made by Hartford, the plaintiff has failed to satisfy the requirement of Rule 56(e) that he show that there is a genuine issue of fact. While this Court is normally reluctant to grant motions for summary judgment, in the instant

---

16. See, Iacaponi v. New Amsterdam Casualty Co., 379 F.2d 311, 312 (C.A. 3, 1967) cert. den. 389 U.S. 1054, 88 S.Ct. 802, 19 L.Ed.2d 849 (1968); Blonder-Tongue v. University Foundation, 402 U.S. 313, 323, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

17. Docket Item 11.

18. In the very least plaintiff is required to come forward with a Rule 56(f) affidavit stating reasons why he cannot present by affidavit facts essential to justify his opposition to defendants' motion. See 6 Moore's Federal Practice § 56.24 (1974).

19. Docket Item 8.

20. Docket Item 8, p. 5; Docket Item 11, par. 4.

21. Docket Item 7, par. 79.

case Hartford has adequately demonstrated that there. is no genuine issue for trial as to the second allegation of negligence and the plaintiff has failed to produce any evidence beyond the conclusory allegations of negligence in the complaint. In such a case, Rule 56 dictates that summary judgment is appropriate with respect to the second allegation of negligence. Gostin v. Nelson, 363 F.2d 371 (C.A. 3, 1966); Robin Construction Co. v. United States, 345 F.2d 610 (C.A. 3, 1964); and Clark v. Employers Mutuals of Wausau, 297 F. Supp. 286 (E.D.Pa.1969).

 Plaintiff's third and final allegation of negligence is based upon the failure by Hartford to require the Staffords to maintain their motel consistent with certain safety standards. This allegation by implication is based on an alleged duty on Hartford's part to direct the Staffords' motel operations in this respect. Here again the plaintiff has failed to show that there is any Delaware statute placing such a duty on Hartford, and the Court is cognizant of no such statute. Neither has the plaintiff advanced any contractual obligation,[22] which placed any such duty upon Hartford. Finally the plaintiff has referred to no rule of Delaware tort law[23] establishing a duty upon Hartford to require the Staffords to maintain their motel at a certain safety standard absent any statutory or contractual duty to do so. Therefore, assuming the *facts* set out in the complaint to be true, plaintiff has still failed to state a valid cause of action, since the alleged failure by Hartford to require the Staffords to maintain the Delmar Motel at a certain safety standard violated no duty owed by Hartford. Thus, the plaintiff has failed to state a valid cause of action with respect to the third allegation of negligence.

In summary, viewing the facts most favorably to the plaintiff, it is quite apparent that the plaintiff, as a matter of law, has shown no duty owed by any of the defendants, the violation of which would have been sufficient to establish their liability to the decedent. Consequently, the defendants are entitled to summary judgment in their favor as to all the allegations of negligence made against them.

Because of the Court's resolution of this case in favor of the defendants, it is unnecessary to consider the defendants' contention that the principles of res judicata and collateral estoppel are applicable beyond the scope to which they were applied above.

### JUDGMENT

For the foregoing reasons, summary judgment is hereby entered in favor of the defendants and against the plaintiff together with suit costs.

---

22. The insurance policy on the Delmar Motel written by Hartford establishes no such duty. (Docket Item 8, Exhibit thereto).

23. Section 324A of the Restatement of Torts, 2d is of no aid to plaintiff even if it were applicable in Delaware for the same reasons as discussed above with respect to plaintiff's second allegation of negligence.