COOK, Circuit Judge,
dissenting.
The summary judgment record confirms that Lone Mountain did not delegate, and Arch did not usurp, any of Lone Mountain’s employee-safety responsibilities. Neither Arch’s efforts to foster safety awareness, nor safety director McCoy’s informal exchanges of safety ideas with his Lone Mountain counterparts permit the conclusion that this parent assumed a duty to protect the safety of its subsidiary’s employees.
Here, as in other cases where courts found no duty to a subsidiary’s employees, responsibility for day-to-day safety concerns and final decisions on all safety-related matters were the subsidiary’s alone. See Muniz v. Nat’l Can Corp., 737 F.2d 145 (1st Cir.1984); Rich v. R.L.C. Corp., No. 82-1059, 1983 U.S.App. LEXIS 12283 (6th Cir. Dec. 7, 1983); Hinkle v. Delavan Indus., Inc., 24 F.Supp.2d 819, 822 (W.D.Tenn.1998). And this case is distinguishable from Gaines v. Excel Industries, Inc., and the case upon which Gaines relied, Patentas v. United States. In those cases, a third party actively undertook responsibility for safety by inspecting the sites where the injuries occurred. See Patentas, 687 F.2d 707, 716 (3d Cir.1982); Gaines, 667 F.Supp. 569, 572 n. 3 (M.D.Tenn.1987). Here, however, there is no evidence that McCoy inspected the part of the mine that collapsed. See Evans v. Liberty Mut. Ins. Co., 398 F.2d 665, 667 (3d Cir.1968) (insurer not liable because it had not inspected injury site and employer retained primary responsibility for safety).
Given the absence of evidence that Arch Coal undertook a duty that Lone Mountain owed its employees, the district court properly granted summary judgment to Arch Coal. I thus respectfully dissent.