William H. McCRAE

v.

PITTSBURGH CORNING CORP., et al.

Jane MOOR, Admx. for Leonard Miller

v.

PITTSBURGH CORNING CORP., et al.

James PANASCI

v.

PITTSBURGH CORNING CORP., et al.

Urban ROSS

v.

PITTSBURGH CORNING CORP., et al.

Rudolph PETERS

v.

PITTSBURGH CORNING CORP., et al.

Irving and Margaret WILDENBERG

v.

PITTSBURGH CORNING CORP., et al.

Leonard and Rosalie ZESERMAN

v.

PITTSBURGH CORNING CORP., et al.

Samuel BELL

v.

PITTSBURGH CORNING CORP., et al.

George A. and Mary Rose COLOMBO

v.

PITTSBURGH CORNING CORP., et al.

Robert and Martha CURRY

v.

PITTSBURGH CORNING CORP., et al.

Ferdinand and Alice DITTMAR

v.

PITTSBURGH CORNING CORP., et al.

George KRACKE

v.

PITTSBURGH CORNING CORP., et al.

William and Rose LOVALLO

v.

PITTSBURGH CORNING CORP., et al.

Marie T. MARTIN, Estate of Leroy
K. Martin

v.

PITTSBURGH CORNING CORP., et al.

Civ. A. Nos. 81–3677, 81–3172, 82–1135, 80–4819, 81–0198, 82–2145, 81–1295, 81–2950, 82–0685, 81–0068, 82–3964, 81–2951, 82–2182 and 80–0509.

United States District Court,
E.D. Pennsylvania.

March 23, 1983.

Norman Perlberger, James Kahn, Philadelphia, Pa., for plaintiffs.

Barbara Pennell, Edward J. David, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

In these actions plaintiffs seek to recover damages for personal injuries they allegedly sustained as a result of their exposure to asbestos-containing insulation manufactured by Pittsburgh Corning Corporation ("PCC") as well as numerous other companies. All the plaintiffs in these actions allege that they were exposed to the asbestos products while civilian employees at naval yards operated by the United States Government or a shipbuilding corporation owned by a private entity engaged in the construction and repair of United States vessels pursuant to contracts with the United States. Some of the plaintiffs allege that they were additionally exposed to the asbestos products while in navigable waters.

Defendant PCC has moved for a, so-called, Phase I trial and related discovery on its affirmative defense known as the government contract defense. Defendant Eagle-Picher has submitted its own brief in support of the motion.[1] The above-cap-

---

1. It is far from clear which defendants join in PCC's motion. At oral argument, only PCC and Eagle-Picher identified themselves as defendants supporting a Phase I trial. By letter the following week, the court was informed that defendant Keene Corporation had filed a motion for a Phase I trial. It appears that only

tioned cases were assigned to this panel[2] by order of the court to determine whether a separate trial would be "conducive to expedition and economy" as required by Rule 42(b) of the Federal Rules of Civil Procedure. After oral argument and having reviewed the memoranda submitted in support of and in opposition to the motion, for the reasons that follow the motion for a Phase I trial is denied.

PCC contends that a separate trial on the government contract defense would be expeditious in that, after discovery, which it claims would be limited in scope, and a trial of "relatively short duration," if PCC and its co-defendants prevail the actions would be terminated. In a footnote, PCC states that, to the extent that not all defendants participated in the Phase I trial, the cases would nevertheless be streamlined as a result of the dismissal of some defendants. The moving defendants rely heavily on the decision in *Tefft, et al. v. A.C. & S., Inc., et al.,* No. C80–925M (W.D.Wash.1982), in which a similar motion was granted with regard to the government contract defense as it applied under *Washington* state law.

The plaintiffs vigorously contest the motion. It is their belief that the defense will ultimately fail both as to the facts and the law. They also contend that discovery on the issue will not be of short duration and that the merits are intertwined with the matters which must be proved.

■ A determination on the merits of the defense is neither required nor appropriate at this time.[3] This panel is solely concerned with determining whether or not a bifurcated trial will be judicially economical and efficient. The determination is

within the discretion of the trial judge on the merits of each case. *Lis v. Robert Packer Hospital,* 579 F.2d 819, 824 (3d Cir. 1978). A defendant seeking bifurcation has the burden of presenting evidence that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties.

■ An understanding of the general contours of the cases is helpful in deciding this motion. Of the fourteen cases, although all assert diversity jurisdiction, some aver that there is also admiralty jurisdiction.[4] The plaintiffs are citizens of a variety of jurisdictions including Pennsylvania, New Jersey, and Florida. The plaintiffs worked in a variety of shipyards, operated by either the United States Government or private entities in Pennsylvania, New Jersey and New York. Some plaintiffs worked in navigable waters. Some plaintiffs were employed in more than one location. Their employment occurred at various times spanning several decades.

Further, not all of the plaintiffs sued all of the same defendants. Pittsburgh Corning Corporation is a defendant in some cases and a third-party defendant in others.[5] Some defendants are named in some suits but not in others. The number of defendants in each case varies but averages around twelve. They dealt with asbestos in a variety of capacities including being suppliers and manufacturers of the product. They did so at various times over the span of several decades.

All of these factors are relevant to place into perspective the utility of a Phase I

three defendants out of at least eighteen defendants support a Phase I trial.

**2.** The panel consists of the Honorable Louis H. Pollak, the Honorable Donald W. VanArtsdalen, and the Honorable Charles R. Weiner.

**3.** We note that the major focus of the memoranda for both sides to this motion has been the applicability of the defense under Pennsylvania

law in light of *Brown v. Caterpillar Tractor Co.,* 696 F.2d 246 (3d Cir.1982).

**4.** *See, e.g., Ross v. Pittsburgh Corning Corp., et al,* C.A. No. 80–4819; *Martin v. Pittsburgh Corning Corp, et al,* C.A. No. 80–0509; and *Zeserman v. Pittsburgh Corning, et al,* C.A. No. 81–1295.

**5.** *See, e.g., Zeserman,* C.A. No. 81–1295; *Co-*

trial.[6] PCC relies on *In re: "Agent Orange" Product Liability Litigation,* 506 F.Supp. 762 (E.D.N.Y.1980) (Agent Orange I) and 534 F.Supp. 1046 (E.D.N.Y.1982) (Agent Orange II) as well as *Tefft* as persuasive authority for using the procedural device sought here. We note distinguishing factors in both cases. In the *Agent Orange* situation, all of the plaintiffs were exposed to a chemical in one locale: Vietnam. They were exposed during a readily definable period of time. In *Tefft,* as PCC informs this panel, "only three cases were involved." This panel finds that fact cuts against the granting of the defendant's motion rather than for it. Certainly the facts to be presented to the jury are less burdensome in a Phase I trial involving only three cases as opposed to one involving fourteen cases where the number of plaintiffs and defendants increases greatly.

Our concern is that a Phase I trial itself will be unwieldy and confusing. By way of illustration, we will assume *arguendo* that under the substantive law of Pennsylvania and/or the applicable Pennsylvania choice-of-law rule, an important issue would be the one which Judge Pratt in *In re Agent Orange Product Liability Litigation, supra,* characterized as "[p]erhaps the central question for the Phase I trial," 534 F.Supp. at 1057—namely, "whether the Government knew as much as the defendants did about hazardous aspects of this product." *Id.*[7] In a context in which several defendants supplied asbestos at numerous times across an extended span of years, the evidence necessary for one or more defendants to establish the government contract defense[8] might include the knowledge that one or another defendant had as compared to the knowledge the Government had, at various points of time, concerning the hazardous aspects of asbestos. The complexities of proof might well be geometrically compounded when the relative knowledge of the Government and a particular defendant over a period of years is in turn linked to the varying time periods of exposure of multiple plaintiffs. Without deciding the ramifications of the hypothetical situation, we use it to suggest the confusing facts that a jury may have to absorb in hearing this issue as to many plaintiffs rather than one plaintiff.

In addition, with regard to the differing time periods concerning the exposure of each plaintiff, it appears that the specifications changed over various periods of time. This factual difference for each plaintiff could require different proof and possibly lead to different conclusions. Such would not be the case with just one trial at a time in front of different juries.[9]

We also find that the potential choice of law issue,[10] which neither PCC nor Eagle-Picher addressed in their lengthy memoranda but PCC was asked to address at oral argument, could further add to the confusion of a jury. Likewise, PCC fails to inform this court how, if at all, admiralty jurisdiction will affect those cases in which it is involved.[11] In some cases, as noted

---

*Iombo,* C.A. No. 82–0685; *Panasci,* C.A. No. 82–1135; *Wildenberg,* C.A. No. 82–2145.

**6.** PCC has not brought these facts to our attention, having focused so intensely on their argument on the merits of the affirmative defense under Pennsylvania law.

**7.** We emphasize that we are assuming, not deciding, that the issue identified by Judge Pratt as "central" would be an issue in one or more of the different settings reflected in the cases before this panel.

**8.** It is unclear which defendants would, in fact, seek to establish the government contract defense. See footnote 1, supra.

**9.** *See In re Related Asbestos Cases,* 543 F.Supp. 1142, 1152 (N.D.Calif.1982), ("[I]t ap-

pears that the defendants were under varying government strictures at various relevant periods... Because of such factual variations among the asbestos cases ... we cannot say at this time that the government specifications defense will be allowed in every case.")

**10.** State law governs this defense in the context of diversity jurisdiction. *Brown v. Caterpillar,* 696 F.2d at 249.

**11.** *Compare White v. Johns-Manville,* 662 F.2d 234 (4th Cir.1981), cert. denied 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982) (exercise of admiralty jurisdiction proper in asbestos cases); *Vaughan v. Johns-Manville,* 662 F.2d 251 (4th Cir.1981) (applying doctrine of laches rather than state statute of limitations in asbestos case) *with Owens-Illinois, Inc. v. United*

earlier, admiralty jurisdiction is not involved.

We are also concerned that *if* PCC were to prevail in its affirmative defense, it could leave numerous co-defendants and third-party defendants against whom plaintiffs would still have to try their cases. Not all of the defendants have joined in this motion before us and we have no information as to how many defendants anticipate participating in a Phase I trial. It would be burdensome for the plaintiffs to go through what apparently are unavoidable trials on the merits of their claim regardless of the outcome of a Phase I trial. Certainly only PCC and perhaps one or two other defendants could potentially save time with a Phase I trial and that is only if they prevail. We must be concerned with fairness and economy to all the parties.

These are but a few of the problems we foresee in allowing a Phase I trial. The lack of uniformity among the several cases is a major drawback. This is not to say that the claim may not be raised in each individual case where it has been properly pleaded. Rather, because the bifurcation sought is an extraordinary measure to be used where it is clearly economical, and the moving defendants have failed to persuade us that economy will result, we shall deny the motion.

*States District Court for the Western District of Washington,* 698 F.2d 967 (9th Cir.1983) (admiralty jurisdiction not proper in asbestos case, especially where plaintiff is involved in construction of new vessel).