Pamela SACKS, et al.

v.

THOMAS JEFFERSON
UNIVERSITY HOSPITAL.

Civ. A. No. 87–7748.

United States District Court,
E.D. Pennsylvania.

May 3, 1988.

Richard P. Abraham, Abraham, Pressman & Bauer, P.C., Philadelphia, Pa., for plaintiffs.

James C. Schwartzman, Schwartzman & Hepps, Philadelphia, Pa., Francine D. Wilensky, for defendant.

## MEMORANDUM

GILES, District Judge.

Defendant has moved to dismiss plaintiff's complaint for alleged failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Daniel and Pamela Sacks, husband and wife, claim that Thomas Jefferson University Hospital was negligent and breached a duty of care to Mrs. Sacks, causing her to sustain certain physical injuries. The hospital asserts that, as a matter of law, it owed no duty to plaintiff and the complaint must be dismissed. I agree.

On February 22, 1986, at approximately 7:00 p.m., Mrs. Sacks brought her young

daughter to the hospital emergency room seeking emergency treatment for a wound to the child's forehead. It required stitches. The child was admitted for the necessary treatment. During the suturing procedure, Mrs. Sacks was permitted to remain with her daughter in the treatment room. The doctor on duty, while engaged in suturing the forehead, asked plaintiff to hold her daughter's head. Plaintiff voluntarily did as she was requested. While observing the suturing, plaintiff told the defendant's agent that she felt faint and was going to leave the treatment room. While exiting the rooms, Mrs. Sacks fainted and fell to the floor, sustaining injuries.

In evaluating whether a dismissal is proper under Rule 12(b)(6), "factual allegations of the complaint are to be accepted as true" and "reasonable inferences will be drawn to aid the pleader." *D.P. Enterprises v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir.1984).

The hospital contends that plaintiff's complaint must be dismissed because a hospital owes no duty to a "non-patient" observing treatment of a patient in an emergency room setting. Because the hospital had not undertaken to render services to Mrs. Sacks, it asserts that it cannot be held liable for injuries which it did not cause.

Mrs. Sacks argues that since defendant, by its agents, permitted her to be present in the treatment room and asked her to assist in holding her daughter's head, she was placed in a situation which created a risk of harm to her and thus created a duty of care on the part of the hospital to protect her. Plaintiff further argues that the hospital assumed a duty of care when she informed defendant's personnel that she was going to faint. Plaintiff contends that this was a request for medical assistance which went unanswered.

■ Not every injury is compensable. At a minimum, a defendant must be found to owe a duty of care before it can be held responsible for a failure to exercise that duty reasonably. *Restatement (Second) of Torts*, § 281; *Cantwell v. Allegheny County*, 506 Pa. 35, 483 A.2d 1350 (1984); *Klein v. Council of Chemical Associa-*

*tions*, 587 F.Supp. 213, 224 (E.D.Pa.1984). If based on circumstances for which the law imposes no duty of care, a negligence claim must fail. Duty is perceived as an obligation to which the law will give recognition in order to require one person to conform to a particular standard of conduct with respect to another person. *Bradshaw v. Rawlings*, 612 F.2d 135, 138 (3d Cir. 1979).

■ Instructive in analyzing the circumstances of this case is Section 323 of the Restatement (Second) of Torts (1965), which provides:

§ 323 Negligent Performance of Undertaking to Render Services.

One who undertakes, gratuitously, or for consideration, to render services to another which he should recognize as necessary for the protection of other person or things is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of harm, or (b) the harm is suffered because of the other's reliance upon the undertaking.

Liability under § 323 can be imposed only upon "[o]ne who undertakes ... to render service to another...." *Fabian v. Matzko*, 236 Pa.Super. 267, 270–271, 344 A.2d 569 (1975). Applying this section to the facts here, the hospital cannot be held liable for causing Mrs. Sacks to faint or preventing her fall. At no time did the hospital agree to, or undertake to, accept the plaintiff as a patient, nor was a physician-patient relationship ever established. Only the plaintiff's daughter was admitted to the defendant's emergency room. Mrs. Sacks voluntarily entered the treatment room to witness the suturing that had been sought by her for her daughter. By doing so, she accepted the risk that she would witness events or conditions inherent in the medical treatment which could upset her. She was not required to be present nor was she required to hold her daughter's head. Indeed, she abandoned her daughter to leave the room when she felt faint.

The Pennsylvania Supreme Court has held:

> [N]egligent performance or nonperformance must increase the risk of harm and ... there must be reliance by the injured plaintiff upon the defendant's performing the service he has undertaken to render.

*DeJesus v. Liberty Mutual Insurance Co.*, 423 Pa. 198, 201, 223 A.2d 849, 850 (1966). In this case there is no evidence that the hospital undertook to treat plaintiff as a patient or that the plaintiff relied upon the hospital to do so at any time prior to her fall.

Plaintiff asserts that it was foreseeable to the hospital that she could faint while exposed to the medical treatment of her daughter, particularly so since she informed the hospital personnel that she felt faint during the procedure. Plaintiff argues that "one who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof." *Lieberman v. Abat's Auto Tag Service*, 344 Pa.Super. 350, 496 A.2d 831, 832 (1985).

■ Foreseeability of injury, however, in the absence of a duty to prevent that injury, is an insufficient basis on which to rest liability. *Breiner v. C & P Home Builders, Inc.*, 536 F.2d 27, 31 (3d Cir.1976); *Evans v. Liberty Mutual Insurance Co.*, 398 F.2d 665, 667 (3d Cir.1968). Assuming *arguendo*, that the plaintiff's injuries were foreseeable, she has failed to prove the existence of a duty on the part of the hospital to prevent those injuries.

An evenly divided Pennsylvania Supreme Court has had occasion to discuss hospital liability to volunteers. In *Marcus v. Frankford Hospital*, 445 Pa. 206, 283 A.2d 69 (1971), a minor-plaintiff, age 14, was a volunteer candy striper who was required to perform a task that she had not envisioned as part of her volunteer undertaking or foreseen in the minimal training given her. Two nurses asked her to hold up a nude, elderly, unconscious male patient by the shoulders while they washed away excrement which covered the lower part of his body. After a few minutes, plaintiff became nauseated, fainted and sustained injury to her nose. The court, being equally divided, necessarily affirmed the lower court holding that, although the plaintiff was a volunteer, she was a servant to the hospital and was owed a duty due to her extreme youth, the unanticipated task, her circumscribed training, and the absence of warning or preparation for the unpleasant and emotionally disturbing situation which she was caused to face. The present case does not meet the factual setting of *Marcus*. Rather, it more aptly fits the observation of Justice Roberts, in his disapproving opinion, that a master is not required to point out dangers which are known or must be obvious to, and fully appreciated by, the servant. 445 Pa. at 215, 283 A.2d 69. Here, Mrs. Sacks obviously appreciated the reason for bringing her child to the emergency room, the nature of the suturing treatment sought to be obtained, including the fact that procedure would entail blood, broken skin and the use of stitching instruments, all of which she might find very unpleasant. She stayed in the treatment room and proceeded to hold her daughter's head because of her parental responsibility to her child and not because of a servant relationship with the hospital. At no time was the parent under the direction and control of the defendant.

■ Parents have a duty to obtain medical attention for their children when the need arises. However, this only creates a duty of care on the part of the hospital not to injure the child and in no way imposes a special duty of care on the part of the hospital to protect the child's parents from encountering the unpleasantness of their children's injuries or the unpleasantness necessarily inherent in a medical emergency response to those injuries.

An appropriate order follows.

## ORDER

AND NOW, this 3rd day of May, 1988, upon consideration of defendant's motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) and after consideration of plaintiffs' response thereto, for the

foregoing reasons, it is hereby ORDERED that defendant's motion is GRANTED and plaintiffs' complaint is DISMISSED with prejudice.