Robert J. BEIRNE, Administrator of the Estate of James C. Benjamin, Plaintiff,

v.

SECURITY HEATING—CLEARWATER POOLS, INC., Defendant.

No. 4: CV–89–1653.

United States District Court, M.D. Pennsylvania.

March 21, 1991.

Maureen T. Beirne, Beirne & Beirne, Athens, Pa., for plaintiff.

J. David Smith, McCormick, Reeder, Nichols, Sarno, Bahl & Knecht, Williamsport, Pa., for defendant.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND

Plaintiff Robert J. Beirne filed this diver-

sity action [1] in his capacity as Administrator of the Estate of James C. Benjamin, to recover for Benjamin's death as a result of a fire that occurred at the residence of his mother, Winona Benjamin, on January 10, 1988. Defendant Security Heating—Clearwater Pools, Inc. ("Security Heating") installed a wood-oil combination furnace in the basement of the Benjamin residence in November, 1987, and plaintiff contends that Security Heating's negligence in failing to inspect the wiring in the house and discover certain defects caused the fatal fire.

Trial is now scheduled to commence in April, 1991, and before the court are: (1) a motion to trifurcate filed January 11, 1991 by defendant Security Heating (2) a motion in limine filed January 14, 1991 by plaintiff, which seeks to preclude the introduction of evidence that James Benjamin had a blood alcohol level of 0.17 percent at the time of his death.[2] Based on the record before us and the arguments advanced by the parties, we will enter an order granting both motions.

A. *Plaintiff's motion to preclude evidence of Benjamin's blood alcohol level at the time of his death*

Security Heating proposes to call G. Thomas Passananti, Ph.D. as an expert witness to testify that Benjamin had a blood alcohol level of 0.17 percent at the time of his death and that this impaired his judgment, impeded his ability to escape the fire and was a causal factor contributing to his death.

■ Our principal difficulty with the admission of this evidence is that it is not relevant to any of the issues before the jury. Although the defendant argues that it is evidence of contributory negligence, there is no basis for a finding of contributory negligence on Benjamin's part. He did not breach any duty conceivably owed to the defendant or to any other party.

■ The same principles apply to contributory negligence as apply to negligence. Four elements are required to prove negligence: (1) a duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure on his part to conform to the standard required; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. *Casey v. Geiger*, 346 Pa.Super. 279, 499 A.2d 606, 612 (1985), *alloc. denied*, 516 Pa. 638, 533 A.2d 710 (1985), citing Prosser, *Law of Torts*, § 30 at 143 (4th ed. 1971). A duty is an obligation which the law recognizes as requiring an individual to conform to the legal standard of reasonable conduct in light of the apparent risk. *Sacks v. Thomas Jefferson University Hospital*, 684 F.Supp. 858, 859 (E.D.Pa.1988) and *Casey, supra*, 499 A.2d at 612, citing Prosser, *Law of Torts*, § 53 at 970 (4th ed. 1971). If a negligence claim is based on circumstances for which the law imposes no duty of care, there is no cognizable claim. *Sacks, supra*, 684 F.Supp. at 859, citing *Restatement (Second) of Torts*, § 281 (1965).

■ The critical question is, therefore, whether Benjamin's conduct on the night of the fire conceivably breached any duty owed to the defendant. On the night of the fire, Benjamin consumed alcohol, went to his mother's house and fell asleep on the sofa. When fire broke out, he failed to escape. From this scenario, we are unable to fathom how Benjamin breached any duty conceivably owed to the defendants or to any one else. Defendant's contributory negligence claim is based on circumstances for which the law imposes no duty of care and must fail for that reason.

■ The defense of intervening or superseding cause is likewise unavailable as a basis for introducing Benjamin's intoxi-

---

1. This action was initially filed in the Court of Common Pleas of Bradford County, Pennsylvania, and subsequently removed to federal court upon petition of the defendant pursuant to 28 U.S.C. § 1441.

2. See: Record Document Nos. 25, 26, 27, 28, 29, 30, 31, and 32.

cation. Intervening cause applies only to the unforeseeable negligence of a third party and is not properly applied to the plaintiff's conduct. *Carlotta v. Warner*, 601 F.Supp. 749 (D.C.Ky.1985). It also applies only if the subsequent conduct was negligent and not reasonably foreseeable, and we have already concluded that there is no basis for a finding of negligence on Benjamin's part. *DiRago v. American Export Lines, Inc.*, 636 F.2d 860, 867 (3d Cir.1981) (Superseding cause applies only in exceptional cases.); *Herman v. Welland Chemical, Ltd.*, 580 F.Supp. 823, 828 (M.D.Pa.1984) (Nealon, C.J.) and *Wyke v. Ward*, 81 Pa.Cmwlth. 392, 474 A.2d 375, 382 (1984).

In light of all of these considerations, we can conceive of no basis for the admission of evidence that Benjamin consumed alcohol on the night of the fire to show contributory negligence or to prove intervening cause. Defendant will, therefore, be precluded from introducing such evidence during the liability phases of the case on the grounds that such evidence is irrelevant. Fed.R.Evid. 402.[3]

■ Security Heating's stated intention to introduce such evidence to counter plaintiff's damage claim for pain and suffering is, however, a different matter. If defendant is able to adduce expert testimony to a reasonable degree of medical or scientific certainty that Benjamin was unconscious during the fire, then such evidence is admissible to counter plaintiff's contention that the jury should award damages for the pain and suffering Benjamin allegedly endured when he became aware of the fire and attempted to escape.

As discussed below, we will grant defendant's motion for severance and try the case in three phases.[4] Evidence of Benjamin's intoxication will be admitted only during the third and final phase, significantly reducing the possibility that it will improperly influence the jury's decision on other issues. In addition, the jury will be given a limiting instruction.

■ This ruling requires us to address plaintiff's argument that evidence that Benjamin consumed alcohol on the evening of the fire is inadmissible because it is insufficient to show that Benjamin was intoxicated at the time of the fire and is, therefore, precluded under Pennsylvania law.

Although defendant questions the applicability of Pennsylvania common law, we think it is clear under the most recent decision by the Third Circuit on this issue, *Rovegno v. Geppert Brothers, Inc.*, 677 F.2d 327 (3d Cir.1982), that Pennsylvania law governs. In *Rovegno, supra,* the Third Circuit cited the federal rules of evidence, but based its decision on Pennsylvania precedent. See also: *Clement v. Consolidated Rail Corp.*, 130 F.R.D. 530, 533 (D.N.J.1990) (New Jersey District Court interpreted *Rovegno, supra,* as requiring the application of the state law on this issue.). *Cf. McInnis v. AMF, Inc.*, 765 F.2d 240, 244–46 (1st Cir.1985); *Ballou v. Henri Studios*, 656 F.2d 1147, 1153–54 (5th Cir.1981) and *Levitt v. H.J. Jeffries, Inc.*, 517 F.2d 523, 525 (7th Cir.1975).

■ Pennsylvania law precludes the admission of evidence that the injured party drank alcohol to show contributory negligence, unless there is corroborative evidence which "reasonably establishes" that the injured party was intoxicated or unfit to drive at the time of the accident. *Hawthorne v. Dravo Corp., Keystone Division*, 352 Pa.Super. 359, 508 A.2d 298, 303–04 (1986), *alloc. denied*, 514 Pa. 617, 521 A.2d 932 (1987) and *Ackerman v. Delcomico*, 336 Pa.Super. 569, 486 A.2d 410 (1984).

Corroborative evidence can take several forms. It can be in the form of expert testimony indicating that the level of drugs or intoxicants in the party's bloodstream would have affected his judgment, impaired his motor skills, etc. to such a de-

---

**3.** Rule 402 provides:
　All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the

Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

**4.** See pp. 1124–25 *infra*.

gree that he was unfit to perform the activity in which he was engaged when the accident occurred. It may also be in the form of lay testimony as to the injured party's conduct just prior to or immediately after the incident, e.g. that he exhibited "classic" signs of intoxication. *Gallagher v. Ing*, 367 Pa.Super. 346, 353, 532 A.2d 1179, 1181–83 (1987).

▌ As corroborative evidence of Benjamin's intoxication, defendant offers expert testimony from a toxicologist that the faculties of an individual with a blood alcohol level of 0.17 percent would be significantly impaired. Under Pennsylvania law, such testimony constitutes sufficient corroborative evidence of intoxication [5] and justifies admitting evidence that Benjamin consumed alcohol the evening of the fire provided defendant's expert testimony rises to the requisite level of medical or scientific certainty.

### B. *Defendant's motion to trifurcate the trial*

▌ Security Heating has requested that the court try this action in three stages, with the first stage limited to the issues of the cause and origin of the fire; the second stage limited to the issues of negligence and legal causation; and the third limited to compensatory damages.

In support of that request, defendant cites the following: (1) the cause and origin issues are sharply contested with both sides offering expert testimony on these issues—Plaintiff's experts will testify that the fire had an electrical cause, and that it began in the basement where a furnace installed by defendant was located. Defendant's experts will testify that the fire did not have an electrical cause and that it began on the first floor, not in the basement; (2) the parties differ on other key issues, namely the standard of care owed by the defendant and whether the decedent was contributorily negligent; (3) defendant proposes to introduce evidence that the decedent was intoxicated at the time of his death to counter plaintiff's claim for damages for decedent's pain and suffering just prior to his death; and (4) there is little overlap between the witnesses whose testimony will be offered on the various issues—The only witnesses whom defendant anticipates will be required to testify during more than one stage of a severed trial are the decedent's family members, who would, presumably, wish to be present throughout the trial in any event; and (5) trying these issues separately will lessen the possibility of prejudice ensuing from the admission of certain evidence and may shorten the trial if the jury resolves key issues of causation and/or negligence in defendant's favor.

The plaintiff opposes trifurcation on several grounds. He notes that as the party seeking trifurcation, the defendant has the burden of showing that it is proper in this instance and "tends to lessen the delay, expense and inconvenience to all parties." *Lowe v. Philadelphia Newspaper, Inc.*, 594 F.Supp. 123 (1984), citing *McCrae v. Pittsburgh Corning Corp.*, 97 F.R.D. 490, 492 (E.D.Pa.1983). Plaintiff contends that defendant has failed to meet this burden and points to the following factors which, he contends, make trifurcation inappropriate: (1) trying issues separately in the manner which the defendant proposes will require certain expert witnesses to testify twice on issues relating to the cause and origin of the fire and concomitant liability; (2) the

---

5. *See, e.g., Crosby v. Commonwealth, Department of Transportation*, 378 Pa.Super. 72, 76, 548 A.2d 281, 283 (1988) (Evidence that plaintiff/motorist's vehicle "left the roadway and struck various objects before coming to rest" and that he smelled of alcohol at the time of the accident, coupled with expert testimony about the degree of impairment suffered by someone with plaintiff's blood alcohol level was sufficient to warrant admission of plaintiff's alcohol consumption and blood alcohol level.) and *Gallagher, supra*, 532 A.2d at 1181–83. Cf. *Hawthorne, supra*, 508 A.2d at 303–04, (Pennsylvania Superior Court held that evidence that plaintiff's decedent had consumed two or three glasses of beer and had a blood alcohol level of .057% was "unquestionably insufficient" to prove intoxication.) and *Billow v. Farmers Trust Company*, 438 Pa. 514, 266 A.2d 92 (1970) (Trial court properly excluded evidence that decedent had a blood alcohol level of .14 and testimony that this would "affect" his driving abilities, as insufficient to show that decedent was intoxicated to such a degree that rendered him unfit to drive.)

total estimated trial time is relatively brief: five days, and there are a limited number of exhibits; and (3) plaintiff is asserting only one cause of action.

After considering the arguments raised by both sides, we are convinced that trifurcation is appropriate and will enter an order to that effect. The issues will be tried separately in the manner defendant proposes. Fed.R.Civ.P. 42(b).[6]

## ORDER

For the reasons stated in the accompanying memorandum, it is ORDERED that:

1. The motion to trifurcate filed January 11, 1991 by defendant Security Heating—Clearwater Pools, Inc. (Record Document No. 27) is granted. The trial will be conducted in three stages. The first stage will be limited to two issues: the cause and origin of the fire. The second stage, which will commence immediately after the first stage, assuming that the jury resolves the issues in plaintiff's favor, will be limited to the issues of liability: negligence and legal causation. The third stage, which will commence immediately after the second stage, again assuming a verdict in plaintiff's favor, will be on the issue of damages.

2. The motion in limine filed January 14, 1991 by plaintiff (Record Document No. 25) is granted. Defendant will not be permitted to introduce evidence of James Benjamin's blood alcohol level during the first or second phases of the trial. The court will rule on the admissibility of such evidence in the third phase of the trial at such time as it is offered.

---

**6.** Rule 42(b) provides:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.