VOSBURG, Respondent, vs. PUTNEY, Appellant.

*October 3 — October 17, 1893.*

*Assault and battery: Exciting cause of injury: Aggravation by previous disease: Expert testimony: Instructions to jury.*

1. One who kicked another is liable for an injury of which such kick was the exciting cause and which was its natural consequence, although the physical condition of the person kicked may have aggravated the injury.

2. The question as to what was the exciting cause of an injury following a kick on the leg of a person, is a proper subject for expert testimony.

3. Defendant having testified that he touched plaintiff's son with his foot, a statement in the charge to the jury that he kicked him is not ground for a reversal.

APPEAL from the Circuit Court for *Waukesha* County.

This action was brought to recover damages for an assault and battery alleged to have been committed by defendant upon Andrew Vosburg, the minor son of plaintiff, which resulted in putting plaintiff to great trouble and expense in and about nursing and attempting to heal his son while suffering from the injuries thus received, and while disabled thereby, and subjecting plaintiff to the loss of services of his son. The injury complained of was committed February 20, 1891, and was caused by a kick inflicted by defendant on the leg of Andrew a little below his knee. The transaction occurred in a schoolroom in Waukesha during school hours, defendant and Andrew both being pupils in the school. Andrew was then a little over fourteen, and defendant a little less than twelve, years of age.

A suit for the same assault and battery was brought by Andrew against defendant, and has been twice in this court on appeals. See 78 Wis. 84, and 80 Wis. 523, where full statements of the facts out of which this action arose will be found.

On the trial of the present action the court refused to direct a verdict for defendant. The jury found for the plaintiff, and assessed his damages at $1,200. A motion for a new trial was denied, and judgment for plaintiff entered pursuant to the verdict. Defendant appeals from the judgment.

*T. W. Haight,* for the appellant.

For the respondent there was a brief by *Ryan & Merton,* and oral argument by *T. E. Ryan.*

LYON, C. J. 1. The proofs in the present case are substantially the same as in the case of *Vosburg v. Putney,* 78 Wis. 84, and 80 Wis. 523. This action by the father is predicated upon the same transaction, proof of which was there held sufficient to support a verdict for the son. Manifestly the same proof will support a verdict for the father. It was not error to refuse to direct a verdict for defendant.

2. The court refused to give several instructions proposed on behalf of defendant. The first of these is upon the subject of an implied license to defendant to kick plaintiff. That question was disposed of in the opinion in 80 Wis. 523. There was no testimony which would have supported a finding that there existed any such license. Although the court submitted the question to the jury, it was unnecessary, and it would have been error had the jury determined it against plaintiff. The second and third proposed instructions are to the effect that if the disease by which Andrew lost the use of his leg existed in the leg before the injury complained of was inflicted, and such injury merely served to accelerate its progress, or to locate the point of suppuration, and was not the original cause thereof, or if the proximate cause of the inflammation in the leg was the presence of pus germs which obtained entrance by way of a previous wound above the knee, the plaintiff could not recover. The proposed instructions do not state the law

correctly. The learned circuit judge correctly instructed the jury on this branch of the case that if the kick inflicted by defendant upon Andrew was the exciting cause of the injury complained of, and such injury was the natural consequence of the kick, the defendant was liable therefor, although Andrew's physical condition might have aggravated the injury. The only remaining proposed instruction related to the alleged negligence of plaintiff to properly care for Andrew's leg. There is no testimony which would support such an instruction.

3. Some of the exceptions to the charge of the court to the jury are disposed of by what has already been said. Only a single objection thereto calls for further notice. The court said it was undisputed that defendant kicked across the aisle in school, and hit Andrew Vosburg on the leg below the knee. The defendant testified that he reached over the aisle with his left foot, and touched Andrew's leg. On this testimony it is claimed that the instruction was erroneous. The charge is that he kicked Andrew. The testimony of defendant is that he touched him with his foot. We do not think that the difference in the signification of these terms, to wit, a kick and a touch with the foot, is sufficient to justify the reversal of a judgment in a case where the former has been employed as the equivalent of the latter.

4. The only remaining assignment of error is that the court erred in permitting medical witnesses to give their opinions as to what was the exciting cause of the injury to Andrew. We think that it was a proper subject for expert testimony, and hence that the error is not well assigned.

*By the Court.*— The judgment of the circuit court is affirmed.