Wayne L. ANDERSON, Plaintiff-Appellant.

v.

MILWAUKEE INSURANCE, Milton Cherveny and Fireman's Fund Employers Insurance Company, Defendants-Respondents.†

Court of Appeals

*No. 90-0865. Submitted on briefs February 18, 1991.—Decided March 20, 1991.*

(Also reported in 468 N.W.2d 766.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael E. Lambert* of *Dewane, Dewane, Kummer & Lambert* of Manitowoc.

On behalf of the defendants-respondents, the cause was submitted on the brief of *William R. Wick* of *Nash, Spindler, Dean & Grimstad* of Manitowoc.

Before Nettesheim, P.J., Scott and Anderson, JJ.

ANDERSON, J.   Wayne L. Anderson appeals from a judgment denying him damages from hernia surgery he

underwent subsequent to an automobile accident. The issue is whether the defendant is liable for damages from the aggravation of the plaintiff's pre-existing condition even though the condition would most likely have required surgery in the future.[1] We conclude that Anderson may recover for such damages, and we remand to the trial court to determine the amount of damages.

Anderson was injured when Milton Cherveny's automobile struck Anderson's automobile broadside in the driver's door. Anderson was taken to the hospital and was released without treatment. Eighteen days after the accident, Anderson returned to the hospital because of continued pain in the groin area.

Anderson was diagnosed as having a congenital inguinal hernia. A congenital inguinal hernia is defined as a weak abdominal wall that exists in the person from birth. The hernia becomes an "apparent hernia" when the weak abdominal wall allows an abdominal organ to cause a bulge in the abdominal area. The hernia then becomes diagnosable. Anderson underwent corrective surgery for the apparent hernia. Since the surgery Anderson has experienced no further pain associated with the hernia.

It was stipulated that Cherveny was 100% at fault and that Anderson was not negligent. The only issue was causation and damages. The case was tried without a jury.

Two physicians testified at trial. Both agreed that Anderson was born with an inguinal hernia. Both physicians agreed that inguinal hernias remain dormant and do not become apparent until there is some pressure to the abdomen. Although both physicians agreed that

---

[1]Based on the parties' stipulation, the court ordered the plaintiff's claim against Milton Cherveny and Milwaukee Insurance which exceeded $100,000 to be dismissed from the action.

Anderson was born with the hernia, they disagreed whether the accident triggered the apparent hernia. Furthermore, the physicians disagreed whether the hernia would have become apparent as a result of other events later in Anderson's lifetime.

The trial court found that the accident did not cause the congenital hernia, but that the "accident made a latent hernia apparent." The trial court concluded that the repair of the apparent hernia was not compensable, based on the finding that Anderson would have had the problems with the hernia from the natural progression of the pre-existing condition even in the absence of this accident. Alternatively, the trial court concluded that the damages were not compensable because the hernia would have become apparent during Anderson's lifetime without the accident and the treatment would have been the same.

■

The trial court's factual findings are not in dispute. The only issue is whether the trial court properly concluded that damages from the apparent hernia are not compensable. An appellate court is not bound by a trial court's conclusion of law and decides the matter *de novo. See Green Scapular Crusade, Inc. v. Town of Palmyra,* 118 Wis. 2d 135, 138, 345 N.W.2d 523, 525–26 (Ct. App. 1984).

■

Because Anderson's hernia was a pre-existing condition, the "thin-skull" common law rule applies. The law in Wisconsin is that if the defendant's actions were the precipitating cause of the injury complained of, and such injury was the natural consequence of the actions, the defendant is liable, although the plaintiff's physical condition might have aggravated the injury. *Vosburg v. Putney,* 86 Wis. 278, 280, 56 N.W. 480, 480 (1893); *see also*

*McNamara v. Village of Clintonville,* 62 Wis. 207, 214, 22 N.W. 472, 475 (1885); Wis J I—Civil 1720.

The defendant argues that the apparent hernia was a result of the natural progression of the pre-existing condition, and thus is attributable to causes other than the accident. The physicians agreed that an apparent hernia is the result of some degree of abdominal pressure. The trial court found that the accident caused the hernia to become apparent. Consequently, Anderson underwent surgery to correct the apparent hernia. The apparent hernia was the natural consequence of the accident, and Anderson was more susceptible to serious injuries from the accident because of his pre-existing hernia. The apparent hernia was not a natural progression of causes other than the accident. His damages from the accident were increased because of the pre-existing condition. Therefore, Anderson's actual damages include the repair and related expenses of the apparent hernia.

The defendant also argues that although the accident caused the apparent hernia, the damages are not compensable because the apparent hernia was inevitable and the treatment would be the same. The defendant states that the congenital hernia was treated sooner rather than later. Wisconsin law does not support the proposition that when the injuries from an accident are the same as the injuries that may inevitably occur due to a pre-existing condition, the injuries from the accident are completely uncompensable. However, such a situation may reduce the amount of damages. For example, in *Fantin v. Mahnke,* 113 Wis. 2d 92, 334 N.W.2d 564 (Ct. App. 1983), the plaintiff "was 'on the road' to hip replacement with or without the accident." *Id.* at 94-95, 334 N.W.2d at 566. Damages were awarded for pain and suffering to date, medical expenses and loss of consor-

tium. *Id.* at 95, 334 N.W.2d at 566. The court held that although the accident aggravated pre-existing conditions, there was sufficient evidence that the pain would have been the same without the accident. Therefore, the court held that damages for *future* pain and suffering were properly denied. *Id.* at 97–98, 334 N.W.2d at 567.

Similarly, in *Schaidler v. Chicago & Northwestern Railway Co.,* 102 Wis. 564, 78 N.W. 732 (1899), the jury found that the railroad company injured the plaintiff's husband when the horse and cart that he was driving was hit by a train; that his sugar diabetes was precipitated by the injury; and that he died of diabetes thirteen days after the accident. *Id.* at 565–66, 78 N.W. at 733. He had been diagnosed as having diabetes two years earlier, and that he would probably only live for two more years. *Id.* at 569, 78 N.W. at 734. He was in a "normal state of health" for the year and a half preceding the accident. *Id.* The court stated that the railroad company could not escape liability for causing the husband's death on the grounds that the husband had terminal diabetes. *See id.* at 570, 78 N.W. at 734. The court stated, however, that the amount of damages may be less in this case because the husband's lifespan was shortened due to the disease. *See id.* at 570, 78 N.W. at 734–35.

Based on these cases, we conclude that even though the "thin-skull" plaintiff may inevitably suffer similar injuries from the pre-existing condition unrelated to the accident, the defendant is liable for damages that are a natural consequence of the accident. Because Anderson's increased injuries are a natural consequence of the accident, the defendant's argument is relevant only in determining the amount of damages. We reverse the judgment

of the trial court and remand for a determination on the amount of damages.

*By the Court.*—Judgment reversed and cause remanded.