Carol A. BENN, As Executor of
the Estate of Loras J. Benn,
Deceased, Appellant,

v.

Leland R. THOMAS, K–G, Ltd., and
Heartland Express, Inc., of
Iowa, Appellees.

No. 92–933.

Supreme Court of Iowa.

Feb. 23, 1994.

Gary L. Robinson and Jeffrey P. Taylor of Klinger, Robinson, McCuskey & Ford, Cedar Rapids, for appellant.

John M. Bickel and Diane Kutzko of Shuttleworth & Ingersoll, Cedar Rapids, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SNELL, and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

The main question here is whether the trial court erred in refusing to instruct the jury on the "eggshell plaintiff" rule in view of the fact that plaintiff's decedent, who had a history of coronary disease, died of a heart attack six days after suffering a bruised chest and fractured ankle in a motor vehicle accident caused by defendant's negligence. The court of appeals concluded that the trial court's refusal constituted reversible error. We agree with the court of appeals and reverse the judgment of the trial court and remand for a new trial.

I. *Background facts and proceedings.* On February 15, 1989, on an icy road in Missouri, a semi-tractor and trailer rear-ended a van in which Loras J. Benn was a passenger. In the accident, Loras suffered a bruised chest and a fractured ankle. Six days later he died of a heart attack.

Subsequently, Carol A. Benn, as executor of Loras's estate, filed suit against defendants Leland R. Thomas, the driver of the semi-tractor, K–G Ltd., the owner of the semi-tractor and trailer, and Heartland Express, the permanent lessee of the semi-tractor and trailer. The plaintiff estate sought damages for Loras's injuries and death. For the purposes of simplicity, we will refer to all defendants in the singular.

At trial, the estate's medical expert, Dr. James E. Davia, testified that Loras had a history of coronary disease and insulin-dependent diabetes. Loras had a heart attack in 1985 and was at risk of having another. Dr. Davia testified that he viewed "the accident that [Loras] was in and the attendant problems that it cause[d] in the body as the straw that broke the camel's back" and the cause of Loras's death. Other medical evidence indicated the accident did not cause his death.

Based on Dr. Davia's testimony, the estate requested an instruction to the jury based on the "eggshell plaintiff" rule, which requires the defendant to take his plaintiff as he finds him, even if that means that the defendant must compensate the plaintiff for harm an ordinary person would not have suffered. *See Becker v. D & E Distrib. Co.*, 247 N.W.2d 727, 730 (Iowa 1976). The district court denied this request.

The jury returned a verdict for the estate in the amount of $17,000 for Loras's injuries but nothing for his death. In the special verdict, the jury determined the defendant's negligence in connection with the accident did not proximately cause Loras's death.

The estate filed a motion for new trial claiming the court erred in refusing to instruct the jury on the "eggshell plaintiff" rule. The court denied the motion, concluding that the instructions given to the jury appropriately informed them of the applicable law.

The plaintiff estate appealed. The court of appeals reversed the trial court, concluding that the plaintiff's evidence required a specific instruction on the eggshell plaintiff rule. Two other assignments of error are raised in which we find no merit.

■ II. *Jury instructions and the "eggshell plaintiff" rule.* The estate claims that the court erred in failing to include, in addition to its proximate cause instruction to the jury, a requested instruction on the eggshell plaintiff rule. Such an instruction would advise the jury that it could find that the accident aggravated Loras's heart condition and caused his fatal heart attack. The trial court denied this request, submitting instead a general instruction on proximate cause. The court of appeals reversed, concluding that the trial court erred in refusing to specifically instruct on the eggshell plaintiff doctrine.

■ Under Iowa rule of civil procedure 244(h), an aggrieved party may, on motion, have an adverse verdict or decision vacated

and a new trial granted for errors of law occurring in the proceedings only if the errors materially affected the party's substantial rights. When jury instructions contain a material misstatement of the law, the trial court has no discretion to deny a motion for a new trial. *See Brown v. Lyon,* 258 Iowa 1216, 1222, 142 N.W.2d 536, 539 (1966). Our review, therefore, is for correction of errors at law. Iowa R.App.P. 4. We find reversible error when the instructions given to the jury, viewed as a whole, fail to convey the applicable law. *Sanders v. Ghrist,* 421 N.W.2d 520, 522 (Iowa 1988).

■ A tortfeasor whose act, superimposed upon a prior latent condition, results in an injury may be liable in damages for the full disability. *Becker,* 247 N.W.2d at 731. This rule deems the injury, and not the dormant condition, the proximate cause of the plaintiff's harm. *Id.* This precept is often referred to as the "eggshell plaintiff" rule, which has its roots in cases such as *Dulieu v. White & Sons,* [1901] 2 K.B. 669, 679, where the court observed:

> If a man is negligently run over or otherwise negligently injured in his body, it is no answer to the sufferer's claim for damages that he would have suffered less injury, or no injury at all, if he had not had an unusually thin skull or an unusually weak heart.

*See generally* 4 Fowler V. Harper et al., *The Law of Torts* § 20.3, at 123 & n. 25 (2d ed. 1986); W. Page Keeton et al., *Prosser and Keeton on The Law of Torts* § 43, at 292 (5th ed. 1984) [hereinafter *Prosser & Keeton*].

The proposed instruction here stated:

> If Loras Benn had a prior heart condition making him more susceptible to injury than a person in normal health, then the Defendant is responsible for all injuries and damages which are experienced by Loras Benn, proximately caused by the Defendant's actions, even though the injuries claimed produced a greater injury than those which might have been experienced by a normal person under the same circumstances.

*See* Iowa Uniform Jury Instruction 200.34 (1993) (citing *Becker* ).

■ Defendant contends that plaintiff's proposed instruction was inappropriate because it concerned damages, not proximate cause. Although the eggshell plaintiff rule has been incorporated into the Damages section of the Iowa Uniform Civil Jury Instructions, we believe it is equally a rule of proximate cause. *See Christianson v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co.,* 69 N.W. 640, 641 (Minn.1896) ("Consequences which follow in unbroken sequence, without an intervening efficient cause, from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow.").

Defendant further claims that the instructions that the court gave sufficiently conveyed the applicable law.

The proximate cause instruction in this case provided:

> The conduct of a party is a proximate cause of damage when it is a substantial factor in producing damage and when the damage would not have happened except for the conduct.
>
> "Substantial" means the party's conduct has such an effect in producing damage as to lead a reasonable person to regard it as a cause.

*See* Iowa Uniform Jury Instruction 700.3. Special Verdict Number 4 asked the jury: "Was the negligence of Leland Thomas a proximate cause of Loras Benn's death?" The jury answered this question, "No."

■ We agree that the jury might have found the defendant liable for Loras's death as well as his injuries under the instructions as given. But the proximate cause instruction failed to adequately convey the existing law that the jury should have applied to this case. The eggshell plaintiff rule rejects the limit of foreseeability that courts ordinarily require in the determination of proximate cause. *Prosser & Keeton* § 43, at 291 ("The defendant is held liable for unusual results of personal injuries which are regarded as unforeseeable...."). Once the plaintiff establishes that the defendant caused some injury to the plaintiff, the rule imposes liability for

the full extent of those injuries, not merely those that were foreseeable to the defendant. Restatement (Second) of Torts § 461 (1965) ("The negligent actor is subject to liability for harm to another although a physical condition of the other ... makes the injury greater than that which the actor as a reasonable man should have foreseen as a probable result of his conduct.").

The instruction given by the court was appropriate as to the question of whether defendant caused Loras's initial personal injuries, namely, the fractured ankle and the bruised chest. This instruction alone, however, failed to adequately convey to the jury the eggshell plaintiff rule, which the jury reasonably could have applied to the cause of Loras's death.

Defendant maintains "[t]he fact there was extensive heart disease and that Loras Benn was at risk any time is not sufficient" for an instruction on the eggshell plaintiff rule. Yet the plaintiff introduced substantial medical testimony that the stresses of the accident and subsequent treatment were responsible for his heart attack and death. Although the evidence was conflicting, we believe that it was sufficient for the jury to determine whether Loras's heart attack and death were the direct result of the injury fairly chargeable to defendant Thomas's negligence. *See Nicoll v. Sweet,* 163 Iowa 683, 684–85, 144 N.W. 615, 616 (1913).

Defendant nevertheless maintains that an eggshell plaintiff instruction would draw undue emphasis and attention to Loras's prior infirm condition. We have, however, explicitly approved such an instruction in two prior cases. *See Woode v. Kabela,* 256 Iowa 622, 632, 128 N.W.2d 241, 247 (1964) ("It was proper for the court to instruct with reference to the condition because if the negligent actions of defendant were such that [plaintiff's] former poor physical condition was revived or was enhanced he was entitled to damages because of such condition."); *Hackley v. Robinson,* 219 N.W. 398, 398–99 (Iowa 1928) (approving instruction allowing plaintiff to recover upon a showing "that the injury directly caused the dormant or inactive tuberculosis to become revivified").

Moreover, the other jurisdictions that have addressed the issue have concluded that a court's refusal to instruct on the eggshell plaintiff rule constitutes a failure to convey the applicable law. *See Priel v. R.E.D., Inc.,* 392 N.W.2d 65, 69 (N.D.1986) (stating that instructions must advise the jury that defendant "cannot escape the consequences of its negligence merely because its negligence would not have caused that extent of injury to a normal person"); *Pozzie v. Mike Smith, Inc.,* 33 Ill.App.3d 343, 337 N.E.2d 450, 453 (1975) (stating that the failure of the court to instruct on the eggshell plaintiff rule "left the jury without proper judicial guidance").

To deprive the plaintiff estate of the requested instruction under this record would fail to convey to the jury a central principle of tort liability.

III. *Hearsay objection to deposition evidence.* Because it may arise on retrial, we address another of plaintiff's assignments of error, namely, its contention that the district court erred in excluding portions of the deposition testimony of a treating physician, Dr. Webb, on the basis that it was inadmissible hearsay. The estate argues that the defendant, who took the deposition, waived his objection to the deposition testimony by failing to object to the alleged hearsay during the deposition.

█ We reject this contention. Hearsay objections need not be made prior to or during a deposition and may be made when the deposition is offered at trial. *See* Iowa R.Civ.P. 158(e); *Osborn v. Massey–Ferguson, Inc.,* 290 N.W.2d 893, 899 (Iowa 1980) (party does not have a duty to object to own questions during a deposition to preserve error for objection at trial).

IV. *Disposition.* We have reviewed the third assignment of error raised by plaintiff and conclude that it has no merit.

The record in this case warranted an instruction on the eggshell plaintiff rule. We therefore affirm the decision of the court of appeals. We reverse the judgment of the district court and remand the cause to the district court for a new trial consistent with this opinion.

DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.