Patricia Ann DUDLEY, Michael Gilbert Dudley, Individually and as Next Friend of Michelle Lynn Dudley and Lisa Kay Dudley–Taylor, Appellants,

v.

GMT CORPORATION, d/b/a General Machine And Tool Company, Appellee.

No. 94–0207.

Court of Appeals of Iowa.

Sept. 22, 1995.

Jeffrey L. Goodman of Shearer, Templer, Pingel & Kaplin, P.C., West Des Moines, for appellants.

Kevin H. Collins and William H. Courter of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellee.

Considered by DONIELSON, C.J., and CADY and HUITINK, JJ.

DONIELSON, Chief Judge.

The plaintiff, Patricia Dudley, appeals an adverse judgment entered in her personal injury action. While at work, Dudley injured her hand in an assembly machine. Dudley sued the manufacturer of the machine, GMT, as well as Batchelor Engineering and Systems Technologies, Inc., Keller High Tech Ltd., Schrader–Bellows, Inc. and Allen–Bradley Company, Inc. In returning its verdict, the jury found the latter four defendants were not at fault. The jury assigned 55% of the fault to Dudley and 45% of the fault to GMT. On appeal, Dudley claims she is entitled to a new trial because: 1) the jurors misunderstood, misapplied and/or failed to follow the court's instructions in completing the verdict form; and 2) instruction number 17 should not have been submit-

**260**

ted to the jury. We review for the correction of errors at law, Iowa R.App.P. 4, and affirm.

## I. IOWA RULES OF EVIDENCE 606(b)

■ In support of her request for a new trial, Dudley submitted the affidavits and testimony of individuals who had served as jurors at her trial. GMT objected to the consideration of this evidence. Essentially, the affidavits and testimony indicated that in responding to question 15 of the verdict form,[1] the jury had misunderstood the application of our comparative fault principles. The jury believed Dudley would "receive 45% of the recovery" even though it had assigned her 55% of the fault. The jury erroneously concluded that since it had found the plaintiff to be more than 50% at fault, the court would determine the amount of Dudley's damages and she would recover 45% of that amount.

Iowa Rule of Evidence 606(b) governs the admissibility of a juror's evidence when challenging the validity of a verdict.

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

Iowa R.Evid. 606(b).

In *Prendergast v. Smith Laboratories, Inc.,* 440 N.W.2d 880, 884 (Iowa 1989), our supreme court addressed whether a verdict could be overturned based on a showing, through juror testimony, that the jury failed to respond to one of a series of special verdict findings. Juror testimony indicated the jury had made no determination on the issue of total damages. The court concluded the record reflected an "incomplete adjudicative process by the jury rather than an erroneous one" and it remanded the case for retrial. *Id.* at 884.

Of particular importance in the *Prendergast* case is the court's recognition of when juror testimony is not admissible.

> If the issue were whether a verdict may be overturned because it was **induced by the jury's misunderstanding of the court's instructions, rule 606(b) would render juror testimony inadmissible** for purposes of achieving that result. The situation to which that rule of testimonial exclusion applies, however, presupposes that the jury has in fact responded to the fact-finding process entrusted to it and returned a finding on the issue which was submitted. Once that finding has been solemnized in a formal verdict accepted by the court it may not be impeached on the ground that it was induced by juror misapprehension as to the controlling principles of law.

*Id.* at 884 (emphasis added).

In her brief, Dudley claims "the jury abdicated its responsibility by failing to follow the instructions and assign fault to Dudley and GMT." She argues the jury's responses to question 15 on the verdict form were not an apportionment of fault, but were merely an assignment of the "percentage of damages to which they believed Dudley was entitled." However, the jury verdict form was very clear in directing the jurors to find and as-

---

1. *QUESTION NO. 15:* Using 100% as the total combined fault of Plaintiff and Defendants, which was a proximate cause of Plaintiff's damage, what percentage of such combined fault do you assign to the Plaintiff and what percentage of such combined fault do you assign to the Defendants?

ANSWER: Patricia Dudley ____%
GMT Corporation ____%

| Batchelor Engineering | ____% |
| Keller High Tech | ____% |
| Schrader–Bellows | ____% |
| Allen–Bradley | ____% |
| TOTAL | 100% |

[If you find Plaintiff to be more than 50% at fault, do not answer Question No. 16.]

sign fault to the parties. The jury's responses indicate they were able to do this. For example, in response to questions 2 and 5, the jury specifically found Dudley and GMT were at fault, and in response to questions 7, 9, 11, and 13, the jury found the other defendants were not at fault. Question 15 clearly instructed the jury to assign a percentage of fault to each defendant. Any juror testimony regarding the jury's misunderstanding of the instruction is inadmissible. *See Prendergast,* 440 N.W.2d at 884.

The juror affidavits also indicate the jury did not believe its assignment of more than 50% of the fault to Dudley would deprive her of any recovery of damages. The jury was specifically instructed of this outcome in Instruction 29.[2] Jury dissatisfaction with the result stemming from the application of the law is not a basis for setting aside the verdict. *See Lund v. McEnerney,* 495 N.W.2d 730, 734 (Iowa 1993).

## II. INSTRUCTION NO. 17

Dudley claims the trial court erred in submitting instruction number 17. She claims the instruction: 1) asserts as established fact matters which were disputed and/or unsupported by the evidence; 2) contained an incorrect statement of the law and imposed an improper standard of care; 3) stated grounds not specifically pleaded in the answer; and 4) failed to comply with the Iowa Civil Jury Instructions.

Requested jury instructions are required to be given when they properly state the law and apply to the facts in the case. *Sumpter v. City of Moulton,* 519 N.W.2d 427, 433 (Iowa App.1994). Substantial evidence must be presented at trial to support the submission of an instruction. *Id.* at 432. Evidence is substantial when reasonable minds would accept it as adequate to reach the conclusion. *Id.*

We have reviewed each of Dudley's objections to instruction 17 and find they are

without merit. GMT claimed Dudley's negligence had caused her injuries. There was substantial evidence to support the submission of the defendant's specific allegations of the ways in which Dudley had been negligent. Similarly, instruction 17 does not contain an incorrect statement of the law or impose an improper standard of care upon Dudley.

In its answer GMT pleaded Dudley's fault as an affirmative defense. Parties to a lawsuit are entitled to have their legal theories submitted to a jury as long as they are supported by pleadings and substantial evidence. *Reener v. Hill & Williams Bros., Inc.,* 502 N.W.2d 26, 27 (Iowa App.1993). Our notice pleading rule requires only a short and plain statement of the claim; it does not require a pleading of facts. *Van Meter v. Van Meter,* 328 N.W.2d 497, 497 (Iowa 1983). Contrary to the assertions in Dudley's brief, GMT was not required to plead the specific factual allegations underlying its affirmative defense of comparative fault. Submission of instruction 17 was properly supported by GMT's pleadings and substantial evidence.

Dudley's final objection to instruction number 17 was its failure to comply with the Iowa Civil Jury Instructions. Trial courts have discretion to modify or rephrase the uniform jury instructions to meet the precise demands of each case as long as the instructions fully and fairly embody the issues and applicable law. *Sumpter,* 519 N.W.2d at 434. A review of the instructions given by the trial court does not support Dudley's argument that the instructions were more favorable to GMT or contributed to juror confusion. Submission of instruction 17 was not erroneous, and a new trial is not warranted in this case.

**AFFIRMED.**

---

**2.** *INSTRUCTION NO. 29:* After you have compared the conduct of all parties, if you find the Plaintiff, Patricia Dudley, was at fault and the Plaintiff's fault was more than 50 percent of the total fault, the Plaintiff, Patricia Dudley, cannot recover damages. However, if you find the Plaintiff's fault was 50 percent or less of the total fault, then I will reduce the total damages by the percentage of Plaintiff's fault. . . .