# IN THE COURT OF APPEALS OF IOWA

No. 14-1762
Filed September 10, 2015

**LEANNA RESETICH and ROSS RESETICH,**
     Plaintiffs-Appellants,

**vs.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,**
     Defendant-Appellee.
_____

     Appeal from the Iowa District Court for Muscatine County, Paul L. Macek, Judge.

     Plaintiffs appeal a district court order denying a new trial based upon alleged juror misconduct. **AFFIRMED.**

     William J. Bribriesco and Anthony J. Bribriesco of William J. Bribriesco & Associates, Bettendorf, for appellants.

     Eric M. Knoernschild and Amber J. Freyermuth of Stanley, Lande & Hunter, P.C., Muscatine, for appellee.

     Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

We must decide whether the district court erred in excluding a juror affidavit proffered to support a claim of irregularity and misconduct in connection with a jury's damage award.

## I. *Background Facts and Proceedings*

Leanna Resetich was involved in a car accident with another vehicle. She and her husband sued Leanna's automobile insurance carrier for underinsured motorist coverage and loss of consortium. The jury returned a verdict in favor of the Resetichs for $48,000, but found Leanna 45% at fault. Accordingly, the district court reduced the judgment to $26,400.

The Resetichs filed a motion for new trial. In part, they alleged irregularity in the proceedings and misconduct. In support of these allegations, they attached a juror affidavit attesting that the jurors considered Leanna's fault in calculating damages, in contravention of an instruction "not [to] take into consideration any reduction of damages due to Leanna Resetich's fault."

The district court concluded "the affidavit [was] not admissible as evidence" but, even if it was, "the affidavit [did] not bring into play any outside influence or extraneous prejudicial information." The court denied the irregularity and misconduct grounds of the motion because the affidavit "relate[d] directly to the jury's internal deliberations." The Resetichs appealed.

## II. *Juror Affidavit*

The Resetichs argue the district court "erred in ruling that the [] affidavit was not admissible to support [their] [m]otion for a [n]ew [t]rial." State Farm responds with error preservation concerns. On our review of the trial record, we

are convinced the Resetichs preserved error. Accordingly, we proceed to the merits. Because the Resetichs' claims of irregularity and misconduct relate to the substance of the verdict, our review is for errors of law. *See Lund v. McEnerney*, 495 N.W.2d 730, 732 (Iowa 1993); s*ee also Weatherwax v. Koontz*, 545 N.W.2d 522, 524 (Iowa 1996) ("The appropriateness of any inquiry into jury deliberations is a legal question which we review on error.").

Iowa Rule of Evidence 5.606(b) governs the admissibility of the affidavit. The rule states:

> [A] juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, *except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror*. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

(Emphasis added.) The official comment to the rule states: "Rule 606(b) [now Rule 5.606(b)], like Iowa common law, protects the sanctity of the jury room regarding matters that inured in the verdict, while allowing disclosure of extraneous misconduct." Iowa R. Evid. 5.606 cmt.

The matter the Resetichs complained of—failure to follow the instruction on the verdict form—inhered in the verdict. *See Dudley v. GMT Corp.*, 541 N.W.2d 259, 261 (Iowa Ct. App. 1995) ("Any juror testimony regarding the jury's misunderstanding of the instruction is inadmissible."). Accordingly, the district court did not err in concluding the juror affidavit delving into this topic was

inadmissible. *See Scwennen v. Abell*, 471 N.W.2d 880, 888 (Iowa 1991) (concluding juror affidavits attesting to consideration of one of the defendant's fault were "clearly part of the internal workings of the jury and so inhere in the verdict" and "the statements may not be relied on to challenge the jury's verdict"); *Ryan v. Arneson*, 422 N.W.2d 491, 495 (Iowa 1988) (concluding "[t]he district court was correct to disregard affidavits of jurors concerning a quotient verdict"); *Abbot v. RJS Elec.*, No. 05-1959, 2006 WL 2872632, at *2-3 (Iowa Ct. App. Oct. 11, 2006) (concluding jurors' statements as to how they reached an award including "what parts of the record the jurors considered, which instructions they followed, and how they mentally and emotionally reacted" could not be received "[b]ecause those thought processes inhere[d] in the verdict"); *see also Weatherwax*, 545 N.W.2d at 525 (expressing "grave doubts concerning the admissibility of the juror affidavits or testimony as impeachment of [a] verdict" but finding it unnecessary to decide admissibility of juror affidavits or statements).

*Prendergast v. Smith Laboratories, Inc.*, 440 N.W.2d 880 (Iowa 1989), cited by the Resetichs, does not alter our conclusion. We acknowledge the court concluded "juror testimony is competent to reveal a mistake in the rendition of an otherwise unanimous verdict." *Prendergast*, 440 N.W.2d at 884. But the court went on to state, "If the issue were whether a verdict may be overturned because it was induced by the jury's misunderstanding of the court's instructions, rule 606(b) would render juror testimony inadmissible for purposes of achieving that result." *Id.*; *see also Weatherwax*, 545 N.W.2d 522 ("Our *Prendergast* . . . holding[] mark[s] the outer limits of acceptable inquiry."). Misunderstanding of the instructions is precisely the issue raised by the Resetichs.

The Resetichs' claims of irregularity and misconduct are premised on the juror's affidavit. Having concluded the district court did not err in finding the affidavit inadmissible, we further conclude the irregularity and misconduct claims necessarily fail and the court did not err in denying their new trial motion on these grounds.

**AFFIRMED.**

Danilson, C.J., concurs; Doyle, J., dissents.

**DOYLE, J.** (dissenting)

I respectfully dissent. A new trial on the issue of damages is warranted.

A special interrogatory on the verdict form asked the jury to "[s]tate the amount of damages sustained by Leanna Resetich by [the fault of the driver of the other vehicle, Steve Stumpff]." In response, the jury entered $12,000 for past loss of use of body, $12,000 for present value of future loss of use of body, $12,000 for past pain and suffering, $12,000 for present value of future pain and suffering, and $0 for loss of spousal consortium. The jury totaled the damages at $48,000. In calculating the amount of damages, the juror's affidavit states:

> The jury subtracted . . . Leanna Resetich's percentage of fault from [Stumpff's] percentage of fault in arriving at a net percentage. Specifically, the jury did the following: 55% fault of [Stumpff] minus 45% fault of Leanna Resetich is equal to 10%. The jury then multiplied the net percentage of 10% by $480,000.00 ( . . . Leanna Resetich's total damages) to arrive at $48,000.00. The $48,000.00, 10% of [the Resetichs'] total damages, was then divided by 4 arriving at $12,000.00. The $12,000.00 was then placed into each category of damages of Past loss of use of body, Present value of future loss of body, Past pain and suffering and Present value of future pain and suffering.

In considering the Resetichs' motion for new trial on the issue of jury irregularity, the district court ruled:

> The [Resetichs] first argue that the motion for a new trial should be granted on the basis of irregularity by the jury. This irregularity is supported by an affidavit signed by a juror. The affidavit is not admissible as evidence. *See* Iowa R. Evid.5.606(b); *Ryan v. Arneson*, 442 N.W.2d 491, 495 (Iowa 1988); *Horn v. Chicoine*, 772 N.W.2d 269 (Iowa Ct. App. 2009). . . .
> Even if the affidavit was considered, the affidavit does not bring into play any outside influence or extraneous prejudicial information. Instead, the affidavit relates directly to the jury's internal deliberations. For this reason, the [Resetichs'] first two grounds for a new trial are denied.

The majority concludes the district court did not err in finding the affidavit inadmissible. I disagree.

Although one may reasonably view the juror affidavit as evidence of the jury either ignoring or misunderstanding the instructions—evidence verboten under Iowa Rule of Evidence 5.606(b)—I see it a little differently. I believe the affidavit shows a mistake in the completion of the verdict form by the jury. My reading of the affidavit is that the jury unanimously concluded Leanna Resetich's damages totaled $480,000, for that figure was the basis upon which the jury made all its calculations.[1] That figure was not entered on the line of the verdict form reserved for total damages. Consequently, the verdict form does not reflect the actual agreement reached by the jury.

Rule 5.606(b) "does not suggest that juror testimony which aids in establishing that which was agreed upon by the jury is prohibited." *Prendergast v. Smith Labs., Inc.*, 440 N.W.2d 880, 883 (Iowa 1989). In other words, the rule rendering juror testimony incompetent to impeach a verdict does not apply to exclude evidence that the jury made an error in recording an otherwise unanimous verdict. *Id.* Here, the jury unanimously agreed the total damages were $480,000, but it erroneously recorded the total damages as $48,000 on the verdict form. Insofar as the affidavit indicates the jury agreed to total damages of

---

[1] State Farm submitted five juror affidavits in support of its resistance to the motion for new trial. The affidavits, all identical in language, do not dispute that the jury agreed Leanna Resetich's damages totaled $480,000. Instead, they all stated: "In determining damages we concluded that [Leanna Resetich] had failed to prove that all of her injuries resulted from the motor vehicle accident as opposed to existing before the accident or being caused by other factors."

$480,000, I conclude the juror affidavit is admissible to reveal a mistake in the rendition of the verdict.

For the above reasons, the district court should have granted a new trial on the issue of damages.[2]

---

[2] Reformation of the verdict would have also been an appropriate remedy had it been requested. "We have allowed reformation of a jury verdict based on juror testimony that it was inaccurately rendered even where the verdict form returned was facially consistent and logical." *Prendergast*, 440 N.W.2d at 883. Had the *Pendergast* jury made a finding of total damages "and then gratuitously assumed the task of reducing the award by eighty-five percent prior to entering it on the verdict form, we believe reformation of the verdict, based on juror testimony, would have been proper." *Id.*